**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TOP GUN SALES PERFORMANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. |
| v. | ) ) | Judge |
| MELISSA WHITAKER INTERNATIONAL, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND JURY DEMAND

For its Complaint against defendant Melissa Whitaker International, LLC, plaintiff Top Gun Sales Performance, Inc. states as follows:

### NATURE OF THE CASE, JURISDICTION, AND VENUE

1.      This is an action for trademark infringement and dilution under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* ("the Lanham Act"), and related claims of unfair competition and trademark infringement under the statutory and common laws of the State of Illinois.   Plaintiff seeks both monetary damages and injunctive relief.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

3.      This Court has personal jurisdiction over the defendant because defendant is doing business within this judicial district.

4.     Venue is proper in this district under 28 U.S.C. § 1391 as defendant resides in this district and because the actions giving rise to plaintiff's claims occurred in this judicial district.

## THE PARTIES

5.     Plaintiff is a corporation organized under the laws of the State of Ohio with its principal place of business located at 5155 Financial Way, Mason, Ohio 45040.  Plaintiff is engaged in the business of providing sales assistance, support, and training to individuals and businesses throughout the country, including individuals and businesses in this judicial district.

6.     Defendant is a limited liability company organized under the laws of the State of Illinois.  Upon information and belief, defendant provides sales training and assistance similar to  the services plaintiff provides to its clients and therefore directly competes with plaintiff.

## PLAINTIFF'S TRADEMARK

7.     Plaintiff is the owner of the trademark "Top Gun Sales Performance", which plaintiff registered with the United States Patent and Trademark Office ("the USPTO") on May 4, 2004 and which plaintiff has used continuously since that time in connection with its sales training activities as well as its sale of books, pamphlets, and other sales training literature.  (A copy of plaintiff's trademark registered with the USPTO is attached hereto as Exhibit A.)

8.     Plaintiff's trademark is highly recognized by the public in general as well as in the sales training industry specifically and its trademark serves to

- 2 -

identify that plaintiff's sales training and related goods and services are provided by, and belong to, plaintiff.

9.     Plaintiff has spent hundreds of thousands of dollars since 2004 in advertising, promoting, and marketing its services featuring the "Top Gun Sales Performance" trademark.

10.     Plaintiff has achieved sales volumes in excess of $4.5 million annually from its services featuring the "Top Gun Sales Performance" trademark.

## DEFENDANT'S INFRINGING CONDUCT

11.     As noted above, defendant is engaged in selling virtually identical services and products as plaintiff as defendant, upon information and belief, also sells and markets sales assistance, support, and training to individuals and businesses.

12.     Defendant maintains an internet website that advertises its sales services and related products as "Top Gun Sales Training". (An excerpt from defendant's website is attached hereto as Exhibit B.)   Defendant's mark contains three words that are identical to three words in plaintiff's four-word trademark "Top Gun Sales Performance".  The three identical words "Top Gun Sales" comprise the distinctive elements of plaintiff's registered trademark.

13.     Upon information and belief, some of defendant's clients are based in Ohio, where plaintiff's business is located, and all of defendant's clients are those to which plaintiff also markets its services.

- 3 -

14.     Defendant's mark "Top Gun Sales Training" is confusingly similar to plaintiff's trademark "Top Gun Sales Performance" and infringes on plaintiff's trademark.

15.     Plaintiff has not authorized defendant to use the "Top Gun Sales Training" mark.

16.     Upon learning of defendant's conduct, plaintiff notified defendant that plaintiff believed that defendant was infringing on plaintiff's trademark and demanded that defendant cease and desist from continuing use of the mark "Top Gun Sales Training," but defendant has failed and refused to cease using the mark "Top Gun Sales Training" in connection with its identical services and, on information and belief, identical goods. (A copy of plaintiff's cease and desist letter is attached hereto as Exhibit C).

## FIRST CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

17.     Plaintiff hereby incorporates by reference Paragraphs 1 through 16 of its Complaint as if fully rewritten herein.

18.     Plaintiff's trademark "Top Gun Sales Performance" is nationally recognized, including within this judicial district, and is associated with the sales training and other services provided by plaintiff. In this regard, plaintiff advertises and markets its services and goods in connection with its trademark throughout the United States and plaintiff provides its goods and services using its trademark to clients throughout the United States.

19.     Plaintiff's trademark is valid and enforceable.

- 4 -

20.     Defendant's unauthorized use of the mark "Top Gun Sales Training" constitutes an infringement of plaintiff's trademark because defendant's mark provides the false impression that the services provided by defendant are the same as those provided by plaintiff and/or that defendant's services are related to, associated with, or originate from plaintiff and its services.

21.     Defendant's use of plaintiff's trademark is without plaintiff's permission and is in disregard of plaintiff's right to exclusive use of this trademark in the United States for sales training and for goods used in connection with sales training.

22.     Defendant's use of its mark is likely to, and in fact has resulted in, confusion, mistake, and deception in the marketplace as to origin and ownership of defendant's business activities of sales training and, on information and belief, as to the origin of defendant's goods.

23.     Defendant's acts are intentional and malicious given that plaintiff has placed defendant on notice of plaintiff's registered trademark, yet defendant has not ceased its use of the infringing mark.

24.     Defendant's conduct in advertising and operating its sales training program under the name "Top Gun Sales Program" violates the Lanham Act.

25.     As a direct and proximate result of defendant's unlawful conduct, plaintiff has suffered monetary damages.

26.     In addition to suffering monetary damages, plaintiff is suffering irreparable harm as a direct and proximate result of defendant's conduct that

32.    Plaintiff is entitled to injunctive relief as the harm it is suffering is, in part, irreparable, and plaintiff will continue to suffer harm unless defendant's unlawful conduct is enjoined.

### THIRD CASE OF ACTION:
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

33.    Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of its Complaint as if fully rewritten herein.

34.    Defendant's marketing and use of a confusingly similar mark which is an approximation of defendant's trademark trades on the reputation of plaintiff and the goods and services provided by plaintiff and has the effect of deceiving the public into believing that defendant's services are related to, associated with, or have the same origin as plaintiff's goods and services. Defendant's actions in this regard are intentional and malicious as plaintiff has informed defendant of plaintiff's trademark, yet defendant continues to misuse and infringe plaintiff's trademark.

35.    Defendant's actions violate the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1, *et. seq.*

36.    Plaintiff has been damaged as a direct and proximate result of defendant's actions and defendant's unlawful and willful conduct will continue to harm and damage plaintiff unless enjoined by this Court.

### FOURTH CAUSE OF ACTION:
### UNFAIR COMPETITION

37.    Plaintiff hereby incorporates by reference Paragraphs 1 through 36 of its Complaint as if fully rewritten herein.

38. Defendant's unlawful act of appropriating plaintiff's trademark is intended to capitalize on plaintiff's goodwill for defendant's own pecuniary interest. Plaintiff has expended substantial time, revenue, and effort to build and maintain an excellent reputation for itself, its goods and services, and its trademark. As a result of defendant's unlawful conduct of appropriating plaintiff's trademark, defendant is unjustly benefiting from plaintiff's property rights and is unfairly competing with plaintiff.

39. Defendant's actions are willful and intentional and are intended to, and have in fact, confused the public and have injured plaintiff.

40. Defendant's actions constitute unfair competition under Illinois common law.

41. Plaintiff has been damaged by defendant's conduct in this regard and will continue to be harmed and damaged unless defendant's actions are enjoined by this Court.

Plaintiff therefore respectfully requests all of the following relief:

A. Temporary, preliminary, and permanent injunctive relief restraining defendant, its agents, servants, employees, officers, associates, and all persons acting by, through, or in concert with any of them from:

(1) Using any approximation of plaintiff's federally registered trademark in connection with the advertising, marketing, or delivery of any of defendant's goods or services;

(2) Committing any other act which falsely represents or which has the effect of falsely representing that the services of defendant are licensed

- 8 -

by, authorized by, offered by, produced by, sponsored by, or in any other way associated with plaintiff;

       (3)    Otherwise infringing upon plaintiff's federally registered trademark;

       (4)    Otherwise diluting plaintiff's federally registered trademark;

       (5)    Unfairly competing with plaintiff.

B.    Compensatory damages suffered by plaintiff as a result of defendant's acts in an amount to be proven at trial;

C.    An accounting by defendant of all gains, profits, and advantages derived from its wrongful acts;

D.    An Order requiring defendant to disgorge its profits derived from defendant's infringement of plaintiff's trademark;

E.    An award of compensatory damages that the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

F.    An award of treble damages in the amount of defendant's profits or plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.    An award of applicable interest, costs, and attorney fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

H.    An award of statutory damages pursuant to 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c);

I.    An award of punitive damages in connection with plaintiff's claims under Illinois law; and

J.    All such other relief that this Court deems just and proper.

Respectfully submitted,

**TOP GUN SALES PERFORMANCE, INC.**

By: _____
      One of its Attorneys

Donald J. Vogel
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Tel:  (312) 255-7178
Fax: (312) 422-1224
Email: dvogel@scopelitis.com

Of Counsel:
CORS & BASSETT, LLC
537 East Pete Rose Way, Suite 400
Cincinnati, OH 45202-3578
Tel:  (513) 852-8200
Fax: (513) 852-8222

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Donald J. Vogel

620400.1

- 10 -